Dear Mr. Lane:
Thank you for your letter regarding Attorney General Opinion No. 03-0309.
In your letter you disagree with the conclusion of this office that battery-powered mobility scooters are "motor vehicles" as defined in LSA-R.S. 32:1(40). You argue that these mobility scooters may be lawfully operated on roadways, highways and/or streets.
With regard to the definition of "motor vehicle," you state that the recent addition of a "low-speed vehicle" to the definition means that mobility scooters are excluded from the definition. You go on to argue that because of this exclusion, mobility scooters are allowed to operate on Louisiana's highways but are not subject to inspection, registration and insurance requirements motor vehicles must meet to operate on the same Louisiana highways.
We respectfully disagree with your analysis. The fact that some other type of motor vehicle was added to the definition does not mean that mobility scooters have been excluded. It continues to be the opinion of this office that mobility scooters are within the definition of motor vehicles and do not meet the legal requirements to operate on Louisiana highways.
With regard to your assertion that Louisiana law specifically guarantees the right of individuals with disabilities the right to use sidewalks, we agree. According to the Louisiana White Cane Law, LSA-R.S. 46:1951-1959, at Section 1953(A), "Every physically disabled person shall have the same right as an able-bodied person to the full and free use of the streets, highways, sidewalks, walkways, ." (Emphasis added).
Mr. Matthew D. Lane, Jr.
We agree with your analysis that the White Cane Law, along with the statutes in the Louisiana Highway Regulatory Act, govern pedestrians' rights and duties. We also agree that mobility scooters allow people with disabilities to become pedestrians and that disabled persons on mobility scooters have the same rights and duties as pedestrians under Louisiana law. Specifically, LSA-R.S. 32:211-219 describes how pedestrians are subject to traffic-control signals, have the right of way in crosswalks, must yield the right of way at any point other than a marked crosswalk and must use sidewalks where they are provided. Louisiana Revised Statute 32:216 regulates when pedestrians are and are not allowed on highways. This statute is as follows:
216. Pedestrians on highways or interstate highways
 A. Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent highway.
 B. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.
 C. It shall be unlawful for any pedestrian to cross an interstate highway, except in the case of an emergency.
 D. Upon conviction of a violation of this Section, a court may order, in lieu of the penalty provisions provided in R.S. 32:57, that the offender perform three eight-hour days of court- approved community service activities, at least half of which shall consist of participation in a litter abatement or collection program.
As you will note, pedestrians are allowed to walk on highways when sidewalks are not provided. According to Section 216(B), pedestrians "shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction." You state that this provision allows pedestrians and also mobility scooters to use the entire width of both the highway and the shoulder. Again, we disagree with your analysis. The statute is clear that pedestrians are allowed to use highways when no sidewalk is provided, but does not allow for the use of the entire highway.
In summary, it is the opinion of this office that mobility scooters are motor vehicles as defined by the legislature which do not meet the legal requirements to operate on Louisiana highways. We agree that persons with disabilities who use mobility scooters have the same rights and duties as pedestrians and are allowed to use sidewalks and highways in compliance with LSA-R.S. 32:211-219 and LSA-R.S. 46:1951-1959. We trust your questions have been sufficiently answered. However, if you should need anything further, do not hesitate to contact this office.
Very truly yours,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_____________________________
 Frances J. Pitman
 Assistant Attorney General
CCF, Jr.:FJP:sc